IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00693-EWN-PAC

ANDREA KUSKIE,

      Plaintiff(s),

v.

SAFECO NATIONAL INSURANCE COMPANY,

      Defendant(s).

_____

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT
TO ASSERT PUNITIVE DAMAGES CLAIMS
_____

Patricia A. Coan, United States Magistrate Judge

      This action arises from injuries plaintiff sustained in a motor vehicle accident while operating a vehicle insured by the defendant.  The case has been referred to the undersigned pursuant to 28 U.S.C. §636(b) to conduct pretrial proceedings.  The matter before the court at this time is Plaintiff's Motion to Amend Complaint to Assert Punitive Damages Claims (Doc. #52), filed November 2, 2006.  Defendant has not filed a response to plaintiff's motion.

      As a preliminary matter, I address the timeliness of plaintiff's motion.  On October 4, 2006, I recommended that plaintiff's Motion for Extension of Time to Amend Pleadings (Doc. #36), filed September 29, 2006, be denied. Plaintiff filed Objections to the Recommendation on October 13, 2006.   Plaintiff then filed her Motion to Amend on November 2, 2006.  In considering the timeliness of plaintiff's motion to amend, I have reviewed plaintiff's Objections to the October 4, 2006 Recommendation.  I find that plaintiff has raised reasonable arguments in support of her requested extension of time to amend

the pleadings.  Accordingly, I will withdraw the October 4, 2006 Recommendation and grant plaintiff's Motion for Extension of Time to Amend Pleadings, filed September 29, 2006.

I next consider the merits of plaintiff's motion to amend her complaint to assert a claim for punitive damages. The court's jurisdiction over this action arises under the diversity jurisdiction statute, 28 U.S.C. §1332. The parties apparently agree that Colorado's substantive law governs their claims.  Section §13-21-102(1)(A)(1.5)(a), COLO.REV.STAT. ("C.R.S."), (2005) states:

> A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes prima facie proof of a triable issue.

"The existence of a triable issue on liability for punitive damages is established by a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *Leidholt v. District Court*, 619 P.2d 768, 771 n.3 (Colo. 1980).

Exemplary damages are recoverable if defendant's conduct is accompanied by circumstances of fraud, malice or wilful and wanton conduct.  *See* §13-21-102(1)(a), C.R.S., (2005).  "Wilful and wanton conduct . . . is established when an insurer acts without justification and in disregard of plaintiff's rights." *Burgess v. Mid-Century Ins. Co.*, 841 P.2d 325, 329 (Colo.App. 1992); *see, also, Tam v. Shelter Mut. Ins. Co.*, 786 P.2d 501, 503 (Colo.App. 1989)(sustaining jury's finding of wilful and wanton conduct where the defendant continued to receive, but not pay, bills from the plaintiff's chiropractor without making any effort to ascertain whether its projections as to plaintiff's recovery were

accurate).

Plaintiff has submitted evidence to show, *inter alia*, that defendant approved future prospective medical care for the plaintiff in June 2004, but then inexplicably closed plaintiff's file in November 2004, and refused to authorize medical treatment in December 2004 and February 2005, without obtaining a second opinion or follow up examination to determine plaintiff's ongoing condition. *See, generally*, Motion to Amend, Exs. 3-17. I find that plaintiff has set forth prima facie proof of a triable issue on liability for punitive damages under Colorado law. Accordingly, it is

**HEREBY ORDERED** that the October 4, 2006 Recommendation of United States Magistrate Judge is **WITHDRAWN.** It is

**FURTHER ORDERED** that plaintiff's Motion for Extension of Time to Amend Pleadings (Doc. #36), filed September 29, 2006, is **GRANTED** nunc pro tunc to **October 4, 2006** as follows: The court has accepted plaintiff's Motion to Amend Complaint to Assert Punitive Damages Claims (Doc. #52), filed November 2, 2006, as timely filed. It is

**FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint to Assert Punitive Damages Claims (Doc. #52), filed November 2, 2006, is **GRANTED**. It is

**FURTHER ORDERED** that the Third Amended Complaint for Relief and Jury Demand, tendered to the court on November 2, 2006, shall be filed this date.

Dated December 4, 2006.

BY THE COURT:

s/ O. Edward Schlatter *for*
PATRICIA A. COAN
United States Magistrate Judge